United States District Court
District of Connecticut

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : Criminal No.3:03CR029(JCH) |
| RICHARD CICHON | : November 2, 2006 |

**GOVERNMENT'S MEMO IN OPPOSITION
TO DEFENDANT'S MOTION FOR EARLY
<u>TERMINATION OF PROBATION</u>**

**I.   Preliminary Statement**

Richard Cichon's mother was a recipient of social security benefits. Following Mrs. Cichon's death, Richard continued to receive social security payments in his mother's name which were directly deposited into a joint account. Richard Cichon then converted the payments to his own use. This conduct continued until the Social Security Administration learned of Mrs. Cichon's death and discontinued benefit payments. In all, Richard Cichon converted $5,385 in benefit payments.

Despite the sum converted, and despite Mr. Cichon's significant prior criminal record, he was permitted to plead guilty to an information charging him with the misdemeanor offense of conversion of public monies in violation of 18 U.S.C. § 641. On or about July 29, 2003, the Court sentenced Mr. Cichon to five (5) years probation. The sentence imposed will therefore terminate on or about July 29, 2008.

**ORAL ARGUMENT NOT REQUESTED**

By motion dated September 28, 2006, defendant has moved to terminate his term of probation for compliance with the conditions of probation to date. For the reasons discussed below, the Government opposes defendant's motion.

**II.    Discussion**

**A.  Applicable Law**

Title 18 U.S.C. § 3564 authorizes the Court to grant early termination of probation in certain circumstances. That section provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

The factors referenced in section 3564 which the Court must consider are the same factors considered during sentencing. United States v. Herrera, 1998 WL 684471 at *1 (S.D.N.Y., Sept. 30, 1998). These include:

> (a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed -
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing range established for-
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a).

Early termination of probation is "not warranted as a matter of course." Herrera, 1998 WL 684471 at *2. "It may be justified 'occasionally' in cases of new or unforseen circumstances." Id. (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh

or inappropriately tailored to serve the general punishment goals of section 3553(a)." Lussier, 104 F.3d at 36, see United States v. Hamburger 414 F. Supp.2d 219, 228 (EDNY 2006)

The defendant has the burden to demonstrate that the circumstances warrant early termination. United States v. Rasco, 2000 WL 45438 at *3 (S.D.N.Y., Jan. 19, 2000). Where the defendant presents no new or exceptional circumstances, early termination is not warranted. See Rasco, 2000 WL 45438 at * 3 ("While Rasco's good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination of his supervised release."); see also Herrera, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); United States v. Martin, 1992 WL 178585 at *1 (S.D.N.Y., July 13, 1992) ("The factors that led to imposition of the original sentence, however, remain unchanged. . . . This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence. . . . defendant's motion seeking early termination of probation is denied.").

Full compliance with the terms of probation is expected and does not warrant early termination. Rasco, 2000 WL 45438 at *2; United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y., 1998) (noting that a defendant's

4

unblemished conduct after incarceration is, standing alone, an insufficient reason to support early termination of supervised release). If simple compliance with the terms of probation were sufficient to justify early termination, "the exception would swallow the rule." Medina, 17 F. Supp. 2d at 247; see Karacsonyi v. United States, 152 F.3d 918 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."); United States v. Granello, 874 F. Supp. 633 (S.D.N.Y., 1995) (finding that while defendant's "praiseworthy efforts toward overcoming her past errors deserves recognition . . . a monthly visit to an officer with the same goal as she, is not, however, an undue burden or necessarily counterproductive"). "Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise." Rasco, 2000 WL 45438 at *3.

### B. Defendant's Motion For Early Termination

The defendant does not offer any information that justifies early termination of probation. The defendant makes no assertion of extraordinary conduct or changed circumstances that make his probation unduly burdensome or harsh. See Defendant's Motion To Terminate Probation.

Defendant contends that he has "satisfied the special conditions of probation," motion, ¶ 3, but fails to present any evidence of extraordinary conduct or evidence of new or exceptional circumstances that might warrant an early termination. See Motion. Furthermore, the defendant fails to argue that any particular hardship or injustice would result from his completing the term of probation. See Motion. In the absence of such a showing, coupled with the Probation Office's recommendation against early termination, defendant's motion for early termination of probation should be denied.

### III. Conclusion

For the reasons discussed above, defendant's motion for early termination of probation should be denied.

Respectfully submitted,
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JAMES I. GLASSER
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct07221
157 Church Street
New Haven, Connecticut 06510
Tel: 203-821-3700  Fax: 203-773-5378
Email: james.glasser3@usdoj.gov

Upon consideration of the Defendant's Motion For Termination and the Government's response thereto, the Defendant's Motion is hereby _____ Granted/ _____ Denied.

SO ORDERED:

_____
HON. JANET C. HALL
UNITED STATES DISTRICT JUDGE

Dated at Bridgeport, Connecticut, this _____ day of November, 2006.

## CERTIFICATION

I hereby certify that a true copy of the Government's Response to the defendant's Motion to Terminate Probation was mailed, postage prepaid, this 2nd day of November, 2006 to:

Paul F. Thomas
Assistant Federal Defender
2 Whitney Avenue, Suite 300
New Haven, Connecticut 06510

Deborah S. Palmieri
United States Probation Officer
157 Church Street, 22nd Floor
New Haven, Connecticut 06510

JAMES I. GLASSER
ASSISTANT U.S. ATTORNEY