UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:03CR29 (JCH) |
| v. | : | |
| RICHARD CICHON | : | September 11, 2007 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR
EARLY TERMINATION OF PROBATION [DOC. #16]**

**I.     Preliminary Statement**

On July 29, 2003, this Court sentenced the defendant to five years' probation.  As such, the defendant's probation is scheduled to terminate on or about July 29, 2008.  On October 3, 2006, the defendant filed a motion for early termination of probation.  That motion was denied on November 27, 2006.   However, in its endorsement order, the Court indicated that it would entertain a renewed application when one year remained in the term of probation.  On September 5, 2007, Cichon filed a motion to terminate probation.  For the reasons set forth below, the Government respectfully submit that the defendant's motion should be denied.

**II.     Discussion**

In limited circumstances, a district court is authorized to grant early termination of probation if the Court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1).   The factors referenced above include:

(a) (1) the nature and circumstances of the offense and the history and characteristics of
   the defendant;

(2) the need for the sentence imposed -

   (B) to afford adequate deterrence to criminal conduct;

>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4) the kinds of sentences and the sentencing range established for-
>
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>
>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

18 U.S.C. § 3553(a).

Early termination is warranted only "'[o]ccasionally,' when 'changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *United States v. Weintraub*, 371 F.Supp.2d 164, 166 (D. Conn. 2005) (Arterton, J.) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Early termination of probation is "not warranted as a matter of course." *United States v. Herrera*, 1998 WL 684471 at *1 (S.D.N.Y. Sep. 30, 1998).

A defendant has the burden to demonstrate that the circumstances warrant early

2

termination.  See *United States v. Rasco*, 2000 WL 45438 at *3 (S.D.N.Y. 2000) ("Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release.  If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise.").  Where the defendant presents no new or exceptional circumstances, early termination is not warranted.  *Id.*  ("While Rasco's good behavior in prison and on supervised release is laudable, I am not satisfied that his conduct has been so unusual as to merit the early termination of his supervised release."); *Herrera*, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); *United States v. Martin*, 1992 WL 178585 at *1 (S.D.N.Y. 1992) ("The factors that led to imposition of the original sentence, however, remain unchanged. . . .  This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence.").

The defendant here does not offer any information that justifies early termination of his probation.  He makes no assertion of extraordinary conduct or changed circumstances that make his probation unduly burdensome or harsh.  He simply contends that he "has complied fully with the conditions of probation and his supervising probation officer has no objection to the granting of this motion."  It is well established, however, that full compliance with the terms of probation is expected; it does not justify early termination.  Cf.  *Rasco*, 2000 WL 45438 at *2; *United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) (finding that defendant's compliance "with the terms of his supervision is commendable, but ultimately that is what is expected of

3

him."). If simple compliance with the terms of probation were sufficient to justify early termination, "the exception would swallow the rule." *Id.* It is certainly the hope that active supervision by the U.S. Probation Office will contribute to the rehabilitative efforts of a defendant; it should therefore be no surprise that "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release." *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005). Furthermore, the defendant fails to argue that any particular hardship or injustice would result from his completing the term of probation. In the absence of such a showing, the defendant's motion for early termination should be denied. *Herrera*, 1998 WL 684471 at *2; *United States v. Gerritson*, 2004 WL 2754821, at 3 (S.D.N.Y. 2004) (holding that "inconvenience of reporting to the Probation Department is not a basis for terminating probation early").

### III. Conclusion

Accordingly, for all these reasons, the defendant's motion for early termination of probation should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/ Anthony E. Kaplan

ANTHONY E. KAPLAN
ASSISTANT UNITED STATE S ATTORNEY
Federal Bar No. ct08083
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3748

CERTIFICATE OF SERVICE

    I hereby certify that on September 11, 2007, a copy of foregoing was sent via first class mail to Paul F. Thomas, Esq., Assistant Federal Defender, 265 Church Street, Suite 702, New Haven, CT 06510.

/s/ Anthony E. Kaplan
_____
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY